**CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Graytz Morrison / 06083-082                    :

**Full Name of Plaintiff        Inmate Number**        :

                                               :

                                               :     Civil No. _____

v.                            :     (to be filled in by the Clerk's Office)

                                               :

United States of America             :     ( ✓ ) Demand for Jury Trial

**Name of Defendant 1**                  :     ( __ ) No Jury Trial Demand

                                               :

D.K. White, Warden                 :

**Name of Defendant 2**                  :        **FILED**
                                               :     HARRISBURG, PA
Larren Hofford, RN               :        SEP 0 1 2020
**Name of Defendant 3**                  :     PER _____
                                               :        DEPUTY CLERK
K. Anderson, Correctional officer      :

**Name of Defendant 4**                  :

                                               :

J. miller, Correctional officer       :

**Name of Defendant 5**                  :

(Print the names of all defendants.  If the names of all   :

 defendants do not fit in this space, you may attach   :

additional pages. Do not include addresses in this   :

section).                                      :


I.    **NATURE OF COMPLAINT**

Indicate below the federal legal basis for your claim, if known.

___    Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

✓     Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388
       (1971) (federal defendants)

✓     Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
       United States

## CHANGE OF ADDRESS NOTIFICATION

Clerk of Court:

This Bivens / FTCA claim is being submitted on behalf of Inmate Graytz Morrison who was recently granted Compassionate Release prior to the completion of this legal claim. This is submitted with mr. Morrison's authorization and his change of address information as indicated below so that he may proceed with any further processes concerning this matter:

> Graytz Morrison
> 105 S. main St.
> Apt. 6
> Rutland, VT 05701

Due to ongoing institutional lockdowns, modified operations due to COVID-19 and restrictions on law library, copy machine, mailing label etc. access, Petitioner Morrison very strained to complete requirements of filing by the August 28ᵗʰ deadline (6 months from TORT denial) and as such is relying on the prison mailbox rule — filed upon delivery to prison officials.

Thank you!

Quinp S. Butter
Fed Reg # 58278-060
for Graytz Morrison

**II.**   **ADDRESSES AND INFORMATION**

**A.**   **PLAINTIFF**

Morrison, Greytz
Name (Last, First, MI)

06083-082
Inmate Number

LSCI Allenwood
Place of Confinement

PO Box 1000
Address

white Deer, PA  17887
City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

___   Pretrial detainee

___   Civilly committed detainee

___   Immigration detainee

___   Convicted and sentenced state prisoner

✓   Convicted and sentenced federal prisoner

**B.**   **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.   If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

United States of America
Name (Last, First)

Department of Justice / Bureau of Prisons
Current Job Title

_____
Current Work Address

_____
City, County, State, Zip Code

Defendant 2:

White, Douglas K. (D.K.)

Name (Last, First)

Warden LSCI Allenwood

Current Job Title

PO Box 1500

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code


Defendant 3:

Hofford, Larren

Name (Last, First)

Registered Nurse (R.N.)

Current Job Title

PO Box 1500

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code


Defendant 4:

Anderson, K

Name (Last, First)

Correctional Officer

Current Job Title

PO Box 1500

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code


Defendant 5:

miller, J.

Name (Last, First)

Correctional Officer

Current Job Title

PO Box 1500

Current Work Address

White Deer, PA 17887

City, County, State, Zip Code

Defendant 6:

    Creveling

    United States Public Health Service Provider

    PO Box 1500

    White Deer, PA 17887


Defendant 7:

    Snyder, Christopher

    Correctional Counselor

    PO Box 1500

    White Deer, PA 17887


Defendant 8:

    Lyons, J.

    Special Investigative Agent (SIA)

    PO Box 1500

    White Deer, PA 17887


Defendant 9:

    Carillo

    Lieutenant LSCI Allenwood

    PO Box 1500

    White Deer, PA 17887

III.   **STATEMENT OF FACTS**

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

  A.   Describe where and when the events giving rise to your claim(s) arose.

LSCI Allenwood, Brady A Unit, Cubicle 17 and the Health Services Dept., Evangelical Community Hospital in Lewisburg, PA.

  B.   On what date did the events giving rise to your claim(s) occur?

July 27 - 29, 2019

  C.   What are the facts underlying your claim(s)? (For example:  What happened to you? Who did what?)

On July 27, 2019 Plaintiff began experiencing radiating pains in his lower abdominal area which increased in intensity. Plaintiff informed overnight correctional officer K. Anderson who stated no "medical specialists" were available and to return to his cubicle. Plaintiff continued to experience and report pain throughout the night. In the a.m. on 7/28/19 he proceeded to the Health Services Department where he was denied any/all care, observation, or evaluation by nurse Hoffard and was directed back to his housing unit where his pain increased. Plaintiff informed daywatch officer J. Miller of his pain. Officer Miller contacted medical Dept. (RN Hofford) who again refused to evaluate. Almost 30 hours after his first complaint to staff, Petitioner attended "sick call" triage care on 7/29/19 where he was tentatively diagnosed with appendicitis for which he was transported to local hospital, requiring emergency surgery (appendectomy).

                    (See Attached Memorandum)

## IV.   LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

1) (FTCA) medical negligence against the United States of America in violation of Duty of care
                    (See Memorandum of Law)

2) (Bivens) Deliberate Indifference to Plaintiff's medical needs by employees of the United States in violation of 8th Amendment.
                    (See Memorandum of Law)

3) (Bivens) Due Process Claim against employees of the United States in violation of 5th Amendment.
                    (See Memorandum of Law)

## V.   INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

Physical harm, prolonged pain, mental anguish and psychological distress.

## VI.   RELIEF

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

Plaintiff seeks monetary relief for injuries.

## VII.    SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing.  By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.


_____
Signature of Plaintiff

07-27-2020
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COMPLAINT FOR DAMAGES
(Negligence, Deliberate Indifference, Due Process
Claims in Violation of 5th and 8th Amendments)

[Jury Demanded]

------------------------------------------------------------

Graytz Morrison/06083-082

v.

United States of America, et. al.

Civil No. _____

------------------------------------------------------------

JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 USC 1331, 28 USC 2671 via The Federal Tort Claims Act (FTCA) and Bivens, in addition to the Fifth and Eight Amendments of the United States Constitution.

2. On August 30, 2019, Plaintiff submitted an Administrative Form SF95 for Damage, Injury, or Death to the Federal Bureau of Prisons, Northeast Regional Office (NERO). This claim (TRT-NER-2019-06581) was denied on February 28, 2020, citing "insufficient information." (See Exhibit A )

PARTIES

3. Plaintiff (at time of event) was a resident of Pennsylvania, residing at LSCI Allenwood federal prison facility in White Deer, PA.

4. Defendant United States of America is sued under FTCA for Negligence by employees of the Federal Bureau of Prisons (FBOP).

5. Defendant United States of America is liable for harm done by federal employees while acting within the scope of his/her employment.

6. Defendant DK White, Warden of LSCI Allenwood, was at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in his individual and official capacity.

7. Defendant Larren Hoffard, RN, was, at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in her individual and official capacity.

8. Defendant K. Anderson, Correctional Officer, was at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in his individual and official capacity.

9. Defendant J. Miller, Correctional Officer, was at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in his individual and official capacity.

10. Defendant A. Creveling, USPHSP, Health Services Administrator, was, at all relevant times an employee and officer of the

FBOP, an agency of the United States of America. This Defendant is sued in her individual and official capacity.

11. Defendant C. Snyder, Correctional Counselor Brady Unit, was, at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in his individual and official capacity.

12. Defendant J. Lyons, SIA Officer, was at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in his individual and official capacity.

13. Defendant J. Carillo, Lieutenant, was at all relevant times an employee and officer of the FBOP, an agency of the United States of America. This Defendant is sued in his individual and official capacity.

FACTUAL ALLEGATIONS

14. On Saturday, July 27, 2019 around 7:30PM, Plaintiff Morrison began experiencing severe and persistent pains in his lower abdominal/stomach region. Pain persisted throughout the evening with his efforts to relieve pain unsuccessful.

15. Plaintiff verbally reported his pain to overnight Unit Correctional Officer, Defendant K. Anderson, who informed Plaintiff that no medical specialists were available and that he needed to return to his cubicle for 12AM count.

16. Around the 2AM count, Plaintiff proceeded to the shower area (to avoid further disturbing his sleeping cellmates) where he sat in a chair, doubled-over in pain through the count several of Defendant Anderson's unit rounds. (See Sworn Affidavits of Morrison's cellmates).

17. Plaintiff struggled to ambulate to Health Services at 6AM "pill line" on Sunday, July 28, 2019, where he collapsed in the lobby and once again in front of the Urgent Care station staffed by Defendant Hoffard.

18. Plaintiff was assisted to his feet by Inmate Gutierrez (See Affidavit) who was receiving medication at Urgent Care Station.

19. Defendant Hoffard immediately began screaming at Plaintiff, demanding he get off of the floor. She questioned Plaintiff if unit officer knew he was at Health Services. Plaintiff responded by indicating that Officer Anderson was aware of the situation.

20. Defendant Hoffard proceeded to call Unit Officer who confirmed his knowledge of the situation, but stated he had not sent Petitioner to Health Services. Defendant Hoffard demanded Petitioner return to his housing unit with no treatment, evaluation, or observation and was told to return on Monday 7/29/19 for AM Sick Call (which is not offered by the institution on the weekends).

21. Plaintiff returned to his housing unit and informed incoming Daywatch Officer, Defendant J. Miller, of his condition and ongoing pain and circumstances. Defendant Miller phoned the Medical Dept. at Plaintiff's request.

22. About two hours after his request, Defendant Miller notified Plaintiff that Defendant Hoffard had again refused to treat him.

23. Plaintiff remained bed-ridden throughout 7/28/19, suffering excruciating pain and unable to perform basic functions or his institutional job assignment at Food Service (Plaintiff was told by Food Service officers to remain in the unit due to his reported pain).

24. Plaintiff was fearful for his life from Sunday 7/28/19 and overnight into Monday 7/29/19.

25. Plaintiff attended Health Service "Sick Call" triage care on Monday 7/29/19 where he was seen by PA Stoltz who performed a simple evaluation and determined potential emergency with Plaintiff's appendix. (See Exhibit _B_ ).

26. Plaintiff was transferred to outside emergency room where he was diagnosed with Acute Appendicitis and subsequently had an emergency appendectomy performed. (See Exhibit _C_ ).

27. On 8/1/19, Plaintiff began his Administrative Remedy grievance process, submitting a BP-8 form to his counselor, Defendant C. Snyder (See Exhibit _D_ ).

28. Defendant Snyder failed to respond to Plaintiff's BP-8 remedy during the prescribed 7 day period, thus hindering Plaintiff's Due Process.

29. Plaintiff proceeded to begin his Administrative Remedy Process with BP-9 submitted on 8/26/19, at the direction of the institution's warden.

30. Following Plaintiff's initiation of grievance procedures, Defendant Hoffard generated an Administrative Note dated 8/31/2019 describing her version of the encounter that had occurred on 7/28/2019. (See Exhibit _E_ ).

31. Defendant Hoffard failed to document any contact with Plaintiff until almost 32 days after the encounter and only after Plaintiff had begun his grievance procedures -- contrary to institutional medical documentation guidelines and subject to lapse in proper recollection of events.

32. On October 14, 2019, Petitioner was interviewed by Defendant J. Lyons, SIA Officer, pertaining to an investigation into his allegations. (See Exhibit _F_ ).

33. Defendant Lyons informed Plaintiff that Defendant Carillo, who was acting Lieutenant overnight on 7/27/19, had submitted a Sworn Affidavit stating that he had spoken to Plaintiff and monitored Plaintiff's condition on the night of 7/27/19 into 7/28/19.

34. Plaintiff informed Defendant Lyons that this was categorically untrue, as he has never spoken to Lt. Carillo and such claims, if made, were falsified.

35. A subsequent FOIA request by Plaintiff revealed no such memo by Defendant Carillo, nor any staff interviews or investigative documents pertaining to officer actions. (See Exhibit _G_ ).

36. Plaintiff has suffered ongoing panic attacks, nervousness, and psychological distress when confronted with situations in which he relies on the Defendants for his safety and well-being within his housing unit.

37. Plaintiff has requested and received ongoing psychological counseling for the conditions described above (See Exhibit _H_ and BOP Psychology Dept. records).

FTCA CLAIMS/PA COMMON LAW

Count 1: Negligence

38 . Plaintiff realleges paragraphs _14_ through _37_ , and incorporates them as if fully stated herein.

39 . Defendants White, Hoffard, Creveling, Anderson, miller et al   owe a duty of care to provide for the safekeeping of Plaintiff, a federal prisoner, in their role as officers of the FBOP, an agency of the United States of America.

40 . Defendants breached that duty when they neglected to provide medical care despite Plaintiff's ongoing reports of pain.

41 . As a result of Defendants' breach of duty, Plaintiff suffered physical injury, almost 30 hours of untreated pain, and ongoing mental anguish and psychological distress.

------------------------

BIVENS CLAIMS/CONSTITUTIONAL CLAIMS

Count 1: Deliberate Indifference

42 . Plaintiff realleges paragraphs _14_ through _37_ , and incorporates them as if fully stated herein.

43 . Actions of Defendant Hoffard showed deliberate indifference by denying or delaying Plaintiff from receiving medical treatment for non-medical reasons in violation of the 8th Amendment of the United States Constitution.

44 . Defendant Hoffard "cannot escape liability merely by "declin[ing] to confirm strong inferences of risk," or by delaying "care for an emergent condition...[relying] on a sick call policy." Id. (quoting Farmer 511, US at 843 n.8)(citing Natale, 318 F.3d at 583).

(3)

*45*. The fact that Morrison was forced to ambulate in pain to and from his housing unit because of threat of an incident report or other disciplinary action for "out of bounds" (See Warden Response to Remedy) should not have negated the seriousness of his allegations.

*46*. Defendants White and Creveling breached their administrative duties when they allowed medical staff, including Defendant Hoffard, to create a practice, pattern and custom of denying inmates access to medical care by locking them up in the SHU, threatening them with incident reports and outright refusal of care, even in medical emergencies.

*47*. Defendants further failed to follow BOP Policy Statement *6010.05* "providing medical services 24 hours per day, seven days per week, including emergency on-call procedures for hours that health care providers are not on site."

*48*. Defendants Hoffard, Anderson, and Miller violated Plaintiff's Inmate Rights *#7* to "have pain assessed and managed in a timely and medically acceptable manner."

*49*. The same treatment Plaintiff Morrions received from PA Stolts on July 29, 2019 could have and should have been received by Defendant RN Hoffard on 7/28/2019.

Count 2: Due Process Violation as subject to the analytical framework provided in Supreme Ct. in Ziglar v. Abbassi.

*50*. Actions of Defendants White, Creveling, Snyder, and Lyons amount to Fifth Amendment Due Process claim under the New Bivens Context for failure to investigate officers; including failure to interview or record statements, including recording Morrison's reporting of pain.

*51*. The absence of staff interviews and/or investigation as requested in Plaintiff's numerous administrative remedies and as represented to Plaintiff by Defendant Lyons rises to a violation of Plaintiff's Fifth Amendment Due Process rights and led to DENIAL of Plaintiff's Tort Claim at the Regional Level based on "insufficient information". (Information that would have been available had Defendants investigated).

*52*. The actions of Defendant Snyder in denying Plaintiff access to Administrative Remedy Response amounts to violation of Plaintiff's Fifth Amendment Due Process Rights.

*53*. The actions of Defendant Hoffard in failing to document clinical encounter in a timely manner amounts to violation of Plaintiff's Fifth Amendment Due Process Rights.

*54*. The actions of Defendant Carillo in falsifying his reporting and memorandum per Defendant SIA Lyons amounts to violation of Plaintiff's Fifth Amendment Due Process Rights, and exemplifies the administration's efforts to "cover up" it's negligent conduct and deliberate indifference.

PRAYER FOR RELIEF

A. On the claims stated in paragraphs *14-37*, the Plaintiff asks the Court to enter judgment against the Defendant, The United States of America.

B. On the claims of deliberate indifference stated in paragraphs *14-26*, the Plaintiff asks the Court to enter judgment against Defendant L. Hoffard.

C. On the claims of deliberate indifference stated in paragraphs *14-26*, the Plaintiff asks the Court to enter judgment against Defendant K. Anderson.

D. On the claims of deliberate indifference stated in paragraphs *14-26*, the Plaintiff asks the Court to enter judgment against Defendant J. Miller.

E. On the claims of Due Process violations stated in paragraphs *27-37*, The plaintiff asks the Court to enter judgment against Defendant White.

F. On the claims of Due Process violations stated in paragraphs *27-37*, the Plaintiff asks the Court to enter judgment against Defendant Creveling.

G. On the claims of Due Process violations stated in paragraphs *27-37*, the Plaintiff asks the Court to enter judgment against the Defendant C. Snyder.

(4)

H. On the claims of Due Process violations stated in paragraphs 21-31 , the Plaintiff asks the Court to enter judgment against the Defendant J. Lyons.

I. On the claims of Due Process violations stated in paragraphs 22-31, the Plaintiff asks the Court to enter judgment against the Defendant L. Hoffard.

J. For all injuries suffered, Plaintiff asks the Court to hold Defendants United States of America and all Defendants jointly and severally liable for compensation damages and the costs of this action, including punitive damages.

PLAINTIFF FURTHER DEMANDS JURY TRIAL FOR ALL CONSTITUTIONAL CLAIMS PRESENTED HEREIN

Respectfully Submitted on this 28 day of August , 2020

/s/ Graytz Morrison

Graytz Morrison, acting pro se

( 5 )

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Federal Bureau of Prisons<br>Northeast Regional Office<br>US Customs House, 7th Floor<br>2nd & Chestnut Streets<br>Philadelphia, PA 19106 | Morrison, Graytz/#06083-082<br>Allenwood Low Security Correctional Inst.<br>PO Box 1000<br>White Deer, PA 17887 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| MILITARY [ ] CIVILIAN [X] | 03/06/1985 | Single | 7/27/2019 Saturday | 7:30PM |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Deliberate Indifference of LSCI Staff/Medical Staff to ongoing complaints of lower abdominal/stomach pains for almost thirty (30) hours before initial checkup/observation/examination indicating potentially lethal appendicitis for which Inmate required outside emergency medical treatment and appendectomy surgery (See additional pages for more detail).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. On July 29, 2019 I was diagnosed with appendicitis requiring same-day surgery. Due to neglect of medical care from LSCI/Nurse Hoffard and Health Services, I suffered severe pain and debilitating suffering for almost 30 hours after first alerting staff of my condition, ultimately leading to loss of an organ and which could have resulted in death.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Nurse Hoffard/COs Miller/Anderson | LSCI Allenwood/PO Box 1500/White Deer PA 17887 |
| Inmate James Smith/67269-066 | LSCI Allenwood/PO Box 1000/White Deer PA 17887 |
| Inmate Juan Gutierrez-Tapia/14553-104 | LSCI Allenwood/PO Box 1000/White Deer PA 17887 |

| 12. *(See instructions on reverse)* | | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* | |
| N/A | $2,000,000.00 | N/A | $2,000,000.00 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Graytz Morrison* | N/A | 08/21/2019 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109<br>Previous editions not usable.<br>Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

Exhibit A-1

On Saturday 7/27/19 around 7:30PM, Inmate Morrison began experiencing severe and persistent pains in his lower abdominal/stomach region. Pain was incessent throughout the evening and Inmate subsequently reported pain to overnight unit officer (Anderson) after attempts at relief (over-the-counter medication/defacation/vomiting) unsuccessful. Upon reporting this to Officer Anderson at around 12AM, Inmate was told by Anderson that no medical staff were available to attend to his needs and he would need to return to his cubicle for count.

No effort was made to implement institutional policy for after-hours emergencies despite symptoms so obvious that even a layperson could determine treatment was needed. Following refusal of initial treatment or referral to a medical personnel, Inmate proceeded to the unit shower area where he sat in a chair, doubled-over in pain (and subsequently observed by Officer Anderson in this physical state during the officer's routine rounds). Clearly, Inmate continued to be denied access to healthcare services per local procedures, disregarding potential risk to inmate health and safety.

Over ten (10) hours lapsed until Inmate Morrision, with great difficulty and still in constant and excruciating pain, proceeded to Health Services Dept. 6AM pill line on Sunday 7/28/19. Inmate collapsed in the lobby area and in front of nurses' station (staffed by a Nurse Hoffard) due to intense, sharp and stabbing pains in his lower abdominal area.

Nurse Hoffard immediately began screaming at Inmate Morrison, demanding he get off of the floor or no medical care would be provided. Nurse Hoffard proceeded to call the unit officer (Anderson) who confirmed his knowledge of the situation; yet Nurse Hoffard denied Morrison any medical evaluation, care or observation (or opportunity to fully explain symptoms). Inmate Morrison was forced to return to the housing unit without any treatment and was instead told to return on the following day (Monday 7/29/19) for AM Sick Call. (Witness Affidavits pertaining to circumstances at medical are available).

Clearly Inmate Morrison's Rights were violated or at best ignored by at least two staff, including trained medical personnel who should be aware of symptoms of appendicitis.

Upon his return to housing unit, Inmate informed Officer Miller, now the daytime officer, of his condition. Officer Miller phoned medical per Inmate request (Inmate informed 2+ hours after his request that Nurse Hoffard had again refused treatment).

Inmate Morrison suffered bed-ridden and in excruciating pain--unable to perform basic functions of ambulation, eating, showering, defacating/urinating or sleeping due to the severity of his pain (which can be verified by Inmate's cubicle-mates) and became fearful for his life the entire day of Sunday 7/28/19 and overnight into Monday 7/29/19.

Almost thirty (30) hours passed prior to Inmate's return to AM sick call Monday 7/29/19 in which PA Stoltz checked Inmates vitals and symptoms and determined a potential emergency with Inmate's Appendix. Inmate immediately transferred to outside emergency room, diagnosed with Appendicitis and had emergency appendectomy performed due to the life-threatening nature of his condition [verifiable via health services records].

It is clear that the nearly thirty (30) hour delay in examination or treatment was not part of prudence on the part of institutional or medical staff, as I received no basic questioning, examination or check of vitals despite ongoing complaints and observation of visual distress. Staff violated my federally protected rights to be free from infliction of cruel and unusual punishment and demonstrated deliberate indifference based on a belief that inmates are not entitled to treatment "on demand" -- despite Inmate having no history of claiming to have medical emergencies.

Geoffry Morrison   8/26/2019

Exhibit A-1



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

September 10, 2019

Graytz Morrison, Reg. No. 06083-082
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

Re:  Administrative Claim **Received August 30, 2019**
     Claim No. TRT NER 2019 06581

Dear Mr. Morrison:

    This will acknowledge receipt of your administrative claim for
an alleged loss of personal property or personal injury suffered at
LSCI Allenwood.

    Under the provisions of the applicable federal statutes, we have
**six months from the date of receipt** to review, consider, and
adjudicate your claim.

    All correspondence regarding this claim should be addressed to
Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S.
Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania
19106.  If the circumstances surrounding this claim change in any
fashion, you should contact this office immediately.  Also, should
your address change, you should contact this office in writing
accordingly.

                              Sincerely,

                              Darrin Howard
                              Regional Counsel

Exhibit A-2

03/02/2020

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

February 28, 2020

Mr. Graytz Morrison, Register No. 06083-082
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

    RE:  Administrative Claim No. TRT-NER-2019-06581

Dear Mr. Morrison:

    Administrative Claim No. TRT-NER-2019-06581, properly received
in this office on August 30, 2019, provided by the Federal Tort
Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to
me by 28 C.F.R. § 543.30.  You seek $2,000,000.00 for a personal
injury claim.  Specifically, you allege on July 27, 2019, staff at
LSCI Allenwood were deliberately indifferent towards your medical
needs.  You stated you complained of stomach pains for almost 30
hours.  You also state you were subsequently diagnosed with
appendicitis, which required same-day surgery to repair.

    At this time, there is insufficient information available to
substantiate the claim that you experienced a compensable loss as a
result of negligence on the part of a Bureau of Prisons employee.
Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an
action against the United States in an appropriate United States
District Court within six (6) months of the date of this letter.

                              Sincerely,

                              Darrin Howard
                              Regional Counsel

cc: D. K. White, Warden, LSCI Allenwood

Exhibit A-3

03/11/2020

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | MORRISON, GRAYTZ | | | Reg #: | 06083-082 |
| Date of Birth: | 03/06/1985 | Sex: | M   Race:  BLACK | Facility: | ALF |
| Encounter Date: | 07/29/2019 07:35 | Provider: | Stoltz, John PA-C | Unit: | B02 |

Mid Level Provider - Sick Call Note encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1        Provider: Stoltz, John PA-C**

**Chief Complaint:** Abdominal Pain

**Subjective:** 34 y/o male to health services complaining of abdominal X 2 days.  This is located to the lower abdomen.   He reports that 2 nights ago he had severe abdominal But since that time it has Improved. He admits to constipation he tried fiber and thinks that this helped.    He reports that the fiber helped his constipation and now his stools a soft.   Denies black stool and blood in the stool. Denies vomiting and diarrhea.

**Pain:** Yes

**Pain Assessment**

| | |
|---|---|
| **Date:** | 07/29/2019 07:35 |
| **Location:** | Abdomen - Suprapubic |
| **Quality of Pain:** | Aching |
| **Pain Scale:** | 6 |
| **Intervention:** | see dispositon |
| **Trauma Date/Year:** | |
| **Injury:** | |
| **Mechanism:** | |
| **Onset:** | 1-2 Days |
| **Duration:** | 1-2 Days |
| **Exacerbating Factors:** | twisting. |
| **Relieving Factors:** | deep breaths. |
| **Reason Not Done:** | |
| **Comments:** | feels like tightness/swelling. |

**ROS:**

**General**

**Constitutional Symptoms**

No: Chills, Fatigue, Fever, Night Sweats, Unexplained Weight Loss, Weakness

**Cardiovascular**

**General**

No: Angina, Palpitation, Syncope

**Pulmonary**

**Respiratory System**

No: Cough – Dry, Cough - Productive, Shortness of breath

**GI**

**General**

Yes: Abdominal Pain or Colic, Appetite Loss, Constipation, Nausea

No: Belching, Bloating, Blood in Stools, Diarrhea, Stools Black, Vomiting

**GU**

**General**

Exhibit B-1

| Inmate Name:  MORRISON, GRAYTZ | | | Reg #:  06083-082 |
| --- | --- | --- | --- |
| Date of Birth:  03/06/1985 | Sex:  M  Race:  BLACK | | Facility:  ALF |
| Encounter Date:  07/29/2019 07:35 | Provider:  Stoltz, John PA-C | | Unit:  B02 |

**Exam:**

**Pulmonary**

**Auscultation**

Yes: Clear to Auscultation

No: Crackles, Rhonchi, Wheezing

**Cardiovascular**

**Auscultation**

Yes: Regular Rate and Rhythm (RRR), Normal S1 and S2

No: M/R/G

**Abdomen**

**Palpation**

Yes: Soft R, Guarding R, Tenderness on Palpation R, RLQ Tenderness, McBurney's Point Tenderness

No: Rigidity R, Tenderness on Palpation L, Rebound Tenderness, Flank Tenderness, Mass(es), Rovsing's Sign, Psoas Sign, Obturator Sign, Murphy's Sign

**Gastrointestinal**

**Anus and Rectum**

No: Black Stool on Glove, Brown Stool on Glove, Stool in Vault, External Hemorrhoids, Internal Hemorrhoids

**ASSESSMENT:**

Unspecified abdominal pain, R109 - Current

**PLAN:**

**New Consultation Requests:**

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
| --- | --- | --- | --- | --- | --- |
| Emergency Room | 07/29/2019 | 07/29/2019 | Emergent | No | |

**Subtype:**

Evangelical Community Hospital EMR

**Reason for Request:**

Abdominal pain right lower quadrant pain.

**Provisional Diagnosis:**

Pt. will abdominal pain X 2 days.  He reports nausea and anorexia.  Positive tenderness over mcburney's point. Possible appendicitis.

**Schedule:**

| Activity | Date Scheduled | Scheduled Provider |
| --- | --- | --- |
| Clinical Encounter | 07/30/2019 00:00 | MLP 13 |

Follow-up ER trip.

**Other:**

Case discussed with Dr. Miller he agrees with plan of care to send pt. to the ER by GOV.
Called report to evangelical hospital (b)(6) (b)(7)(C) charge nurse.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
| --- | --- | --- | --- | --- |
| 07/29/2019 | Counseling | Plan of Care | Stoltz, John | Verbalizes Understanding |

**Copay Required:** No    **Cosign Required:** Yes

Exhibit B-3

03/11/2020

# Bureau of Prisons
## Health Services
### Cosign/Review

| Inmate Name: | MORRISON, GRAYTZ | | | Reg #: | 06083-082 |
|---|---|---|---|---|---|
| Date of Birth: | 03/06/1985 | Sex: | M | Race: | BLACK |
| Encounter Date: | 07/29/2019 07:35 | Provider: | Stoltz, John PA-C | Facility: | ALF |

**Cosigned by Miller, Jay MD on 07/29/2019 08:45.**

Exhibit B-5

FEDERAL CORRECTIONAL COMPLEX
Allenwood, Pennsylvania

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Reques
for Administrative Remedy Form BP-9 [BP 229(13)], you must ordinarily attemp
to informally resolve your complaint through your Correctional Counselor
Briefly state ONE complaint below and list what efforts you have made to
resolve your complaint informally and state the names of staff contacted.

Issued By: C. Judge    (Initials of Correctional Counselor)
Date Issued To The Inmate: 7-30-19

INMATE'S COMMENTS:

1.  Complaint:  See Attached

2.  Efforts you have made to informally resolve:

3.  Names of staff you contacted:

Date Returned to Correctional Counselor: 8-1-19

Hunter Morrison    06083-082    8/1/2019
Inmate's Signature    Reg. Number    Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted:

Date BP-9 Issued:

_____
Correctional Counselor

_____
Unit Manager (Date)

Distribution:  If complaint is NOT informally resolved - Forward original
attached to BP-9 Form to the Administrative Remedy Clerk.

Complaint Never Processed

Exhibit D-1

On 7/28/19 I was intentionally denied medical care by Nurse Hoffard.
I was in extreme pain and I expressed this to multiple staff (i.e. C/O Anderson,
C/O Miller and Nurse Hoffard) and staff disregarded my health and safety.
This treatment violated my federally protected right to be free from the infliction
of cruel and unusual punishment guaranteed by the 8th Amendment. I want all
prison officials involved to be held responsible for their negligent conduct.


Date submitted: 8/1/2019

Graytz Morrison #06083-082

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: <u>Morrison, Graytz</u>          <u>06083-082</u>      <u>Brady A 17</u>   <u>LSCI Allenwood</u>
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST** This BP-9 is being filed per direction of Warden D.K. White on 8/21/19 during his rounds in Brady Unit at which time Inmate Morrison informed Warden that he had received no Response to his previously filed BP-8 submitted to Counselor Snyder on 8/1/2019; a lapse of over 20+ days despite typical 5 day response time allowed by policy. Warden indicated that "no response is usually a denial" and was instructed to file BP-9. Inmate contends the following: *

On Saturday 7/27/19 around 7:30PM, Inmate Morrison began experiencing severe and persistent pains in his lower abdominal/stomach region. Pain was incessant throughout the evening and Inmate subsequently reported pain to overnight unit officer (Anderson) after attempts at relief (over-the-counter medication/defacation/vomiting) unsuccessful. Upon reporting this to Officer Anderson at around 12AM, Inmate was told by Anderson that no medical staff were available to attend to his needs and he would need to return to his cubicle for count.

* At the time of this writing, Inmate still has not received a Response to his BP-8
  (A lapse of 25 days since initial filing) - see attached copy of BP-8 Request/Continuation Pg.

<u>08/26/2019</u>        (See Continuation Page)      *Graytz Morrison.*
      DATE                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**

*See attached*

RECD.

AUG 27 2019

_____                          _____
      DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: <u>988883-F1</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                                  CASE NUMBER: _____

Return to: _____        _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                          _____
      DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR            PRINTED ON RECYCLED PAPER                            BP-229(13)
                                                                        APRIL 1982

*Exhibit D-3*

Request for Administrative Remedy   Part A - Continued

Morrison, Graytz / 06083-082
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

"EACH INSTITUTION WILL [HAVE] EMERGENCY ON-CALL PROCEDURES FOR HOURS THAT HEALTH CARE
 PROVIDERS ARE NOT ON-SITE."  (P.S. 6013.01)

No effort was made to implement institutional policy for after-hours emergencies despite
symptoms so obvious that even a layperson could determine treatment was needed. Following
refusal of initial treatment or referral to a medical personnel, Inmate proceeded to the
unit shower area where he sat in a chair, doubled-over in pain (and subsequently observed
by Officer Anderson in this physical state during the officer's routine rounds). Clearly,
Inmate continued to be denied access to healthcare services per local procedures, disregarding
potential risk to inmate health and safety.

Over ten (10) hours lapsed until Inmate Morrision, with great difficulty and still in
constant and excruciating pain, proceeded to Health Services Dept. 6AM pill line on
Sunday 7/28/19. Inmate collapsed in the lobby area and in front of nurses' station (staffed
by a Nurse Hoffard) due to intense, sharp and stabbing pains in his lower abdominal area.

Nurse Hoffard immediately began screaming at Inmate Morrison, demanding he get off of the
floor or no medical care would be provided. Nurse Hoffard proceeded to call the unit officer
(Anderson) who confirmed his knowledge of the situation; yet Nurse Hoffard denied Morrison
any medical evaluation, care or observation (or opportunity to fully explain symptoms).
Inmate Morrison was forced to return to the housing unit without any treatment and was
instead told to return on the following day (Monday 7/29/19) for AM Sick Call. (Witness
Affidavits pertaining to circumstances at medical are available).

"INMATES HAVE THE RIGHT TO (#3) ADDRESS CONCERNS REGARDING YOUR HEALTH CARE TO ANY MEMBER
 OF INSTITUTION STAFF..." AND (#9) RIGHT TO REPORT COMPLAINTS OF PAIN TO YOUR HEALTH CARE
 PROVIDER, HAVE YOUR PAIN ADDRESSED, MANAGED IN A TIMELY MANNER..."

Clearly Inmate Morrison's Rights were violated or at best ignored by at least two staff,
including trained medical personnel who should be aware of symptoms of appendicitis.

Upon his return to housing unit, Inmate informed Officer Miller, now the daytime officer,
of his condition. Officer Miller phoned medical per Inmate request (Inmate informed 2+ hours
after his request that Nurse Hoffard had again refused treatment).

Inmate Morrison suffered bed-ridden and in excruciating pain--unable to perform basic
functions of ambulation, eating, showering, defacating/urinating or sleeping due to the
severity of his pain (which can be verified by Inmate's cubicle-mates) and became fearful
for his life the entire day of Sunday 7/28/19 and overnight into Monday 7/29/19.

Almost thirty (30) hours passed prior to Inmate's return to AM sick call Monday 7/29/19
in which PA Stoltz checked Inmates vitals and symptoms and determined a potential emergency
with Inmate's Appendix. Inmate immediately transferred to outside emergency room, diagnosed
with Appendicitis and had emergency appendectomy performed due to the life-threatening
nature of his condition [verifiable via health services records].

It is clear that the nearly thirty (30) hour delay in examination or treatment was not
part of prudence on the part of institutional or medical staff, as I received no basic
questioning, examination or check of vitals despite ongoing complaints and observation of
visual distress. Staff violated my federally protected rights to be free from infliction
of cruel and unusual punishment and demonstrated deliberate indifference based on a
belief that inmates are not entitled to treatment "on demand" -- despite Inmate having no
history of claiming to have medical emergencies.

Tort Form filed with appropriate agencies.

Exhibit D-3
08/26/201

Graytz Morrison

MORRISON, Graytz
Register No.: 06083-082
Appeal No.: 988883-F1
Page 1

---

## Part B - Response

This is in response to your Request for Administrative Remedy
received on August 27, 2019, in which you claim Health Services is
showing deliberate indifference to your medical concerns.

A thorough review of your medical file was performed on
September 3, 2019.

On Sunday morning, July 28, 2019, you ambulated to Health Services
during AM insulin line, placed yourself on the floor and told the
nurse you had pain and you could not get up.  You then stood up from
the floor and sat on the stretcher, after being instructed to do so,
without any indication of pain.  You were not called to Health
Services for evaluation, you did not receive authorization to report
to Health Services for evaluation, and this was not during sick-call
hours.  You were out of bounds at this time and the nurse advised
you to follow proper procedure, return to your housing unit and come
to Monday morning sick-call, unless your pain worsened.  If your pain
worsened, you were to report to your officer and advise Health
Services.  You ambulated back to your housing unit at that time
without apparent difficulty.  There is no record that you attempted
to have Health Services contacted after this incident until you
reported to sick-call on Monday, July 29, 2019.

On July 29, 2019, you reported to sick-call with complaint of
abdominal pain for two days, reporting that since then the pain has
improved.  You reported that you felt taking fiber helped.  Your
vital signs were stable at this time; however, due to the location
of your pain, the PA-C made the decision to send you to the outside
hospital for evaluation for possible appendicitis.

On the same date, you arrived in the Emergency Department at an
outside hospital and you received a CT scan, which showed acute
appendicitis.  At this time, your condition was reported by the
surgeon as "good."  You then underwent a laparoscopic appendectomy
without incident and returned to LSCI Allenwood that evening.

On August 31, 2019, you had a follow up appointment with the general
surgeon.  Per their report, you are eating well with no pain and
healing well.

Exhibit D-3

MORRISON, Graytz
Register No.: 06083-082
Appeal No.: 988883-F1
Page 2

_____

### Part B - Response

You are receiving appropriate medical care in accordance with your clinical assessments.

It is the policy of the Bureau of Prisons, and the practice at LSCI Allenwood, to take allegations such as yours seriously.  Therefore, your allegations will be reviewed accordingly for appropriate disposition.

However, due to the privacy interests of the staff member which you named, we are unable to disclose to you the results or final outcome of any investigation which we conduct in this matter.

Accordingly, your Request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, U.S. Customs House, Second & Chestnut Streets, 7th Floor, Philadelphia, PA 19106, within 20 calendar days of this response.

20 Sep 19
_____
Date

_____
D. K. White
Warden

Exhibit D-3

Mot #060 9-29

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | MORRISON, Graytz | 06083-082 | Brady A 17 | LSCI Allenwood |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** Inmate appeals Warden Response and further proceeds to exhaust administrative remedy. Inmate Morrison adopts argument of BP-9 and more specifically contends: 1) If no record exists of attempts to contact Health Services after the morning of 7/28/19, it is solely due to the negligence of unit and medical staff to log requests and the actual contact of medical by unit staff Miller. Inmate further contends that a thorough investigation by the Warden to include witness interviews per CFR 542.11 would reveal this fact. 2) It is inferred in the Warden's Response that Inmate was "faking" or at best exaggerating his pain level (.."placed yourself on the floor...") but this does not mesh with supposed later claims minimizing his pain (i.e. due to fiber intake) or the fact that Inmate was suffering from a serious medical condition requring emergency surgery! The Warden attempts (non-sensically) to make both claims in his Response. Inmate has no history whatsoever of "faking" or "exaggerating" medical conditions or pain. 3) Inmate contends he remained in constant state of intense pain throughout his nearly 30 hour wait for medical care with occasional stabbing pains that increased the intensity. Inmate reported having taken fiber in attempt to alieve pain due to the total lack of care or other options available to him; but denies reporting that the fiber helped the pain (which clearly it would not help acute appendicitis).

On Saturday 7/27/19 around 7:30PM, Inmate Morrison began experiencing severe and persistent pains in his lower abdominal/stomach region. Pain was incessant throughout the evening and Inmate subsequently reported pain to overnight Unit Officer (Anderson) after attempts at relief (over-the-counter medication/defacation/vomiting) unsuccessful. Upon reporting this to Anderson around 12AM, Inmate was told by Officer to return to his cube for count as no medical staff were available to attend to his needs (as is required per Policy) - See attached.

| DATE | 9/29/2019 | SIGNATURE OF REQUESTER _Graytz Morrison_ |
|---|---|---|

**Part B - RESPONSE**

RECEIVED

DEC 06 2019

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

Exhibit D4

MORRISON, Graytz 06083-082
Regional Administrative Remedy Appeal
Part A - Reason for Appeal - Continued

"EACH INSTITUTION WILL [HAVE] EMERGENCY ON-CALL PROCEDURES FOR HOURS THAT HEALTH CARE
  PROVIDERS ARE NOT ON-SITE."  (P.S. 6013.01)

   No effort was made to implement institutional policy for after-hours emergencies despite
symptoms so obvious that even a layperson could determine treatment was needed. Following
refusal of initial treatment or referral to a medical personnel, Inmate proceeded to the
unit shower area where he sat in a chair, doubled-over in pain (and subsequently observed
by Officer Anderson in this physical state during the officer's routine rounds). Clearly,
Inmate continued to be denied access to healthcare services per local procedures, disregarding
potential risk to inmate health and safety.

   Over ten (10) hours lapsed until Inmate Morrison, with great difficulty and still in
constant and excruciating pain, proceeded to Health Services Dept. 6AM pill line on
Sunday 7/28/19. Inmate collapsed in the lobby area and in front of nurses' station (staffed
by a Nurse Hoffard) due to intense, sharp and stabbing pains in his lower abdominal area.

   Nurse Hoffard immediately began screaming at Inmate Morrison, demanding he get off of the
floor or no medical care would be provided. Nurse Hoffard proceeded to call the unit officer
(Anderson) who confirmed his knowledge of the situation; yet Nurse Hoffard denied Morrison
any medical evaluation, care or observation (or opportunity to fully explain symptoms).
Inmate Morrison was forced to return to the housing unit without any treatment and was
instead told to return on the following day (Monday 7/29/19) for AM Sick Call. (Witness
Affidavits pertaining to circumstances at medical are available).

"INMATES HAVE THE RIGHT TO (#3) ADDRESS CONCERNS REGARDING YOUR HEALTH CARE TO ANY MEMBER
 OF INSTITUTION STAFF..." AND (#9) RIGHT TO REPORT COMPLAINTS OF PAIN TO YOUR HEALTH CARE
 PROVIDER, HAVE YOUR PAIN ADDRESSED, MANAGED IN A TIMELY MANNER..."

   Clearly Inmate Morrison's Rights were violated or at best ignored by at least two staff,
including trained medical personnel who should be aware of symptoms of appendicitis.

   Upon his return to housing unit, Inmate informed Officer Miller, now the daytime officer,
of his condition. Officer Miller phoned medical per Inmate request (Inmate informed 2+ hours
after his request that Nurse Hoffard had again refused treatment).

   Inmate Morrison suffered bed-ridden and in excruciating pain--unable to perform basic
functions of ambulation, eating, showering, defacating/urinating or sleeping due to the
severity of his pain (which can be verified by Inmate's cubicle-mates) and became fearful
for his life the entire day of Sunday 7/28/19 and overnight into Monday 7/29/19.

   Almost thirty (30) hours passed prior to Inmate's return to AM sick call Monday 7/29/19
in which PA Stoltz checked Inmates vitals and symptoms and determined a potential emergency
with Inmate's Appendix. Inmate immediately transferred to outside emergency room, diagnosed
with Appendicitis and had emergency appendectomy performed due to the life-threatening
nature of his condition [verifiable via health services records].

   It is clear that the nearly thirty (30) hour delay in examination or treatment was not
part of prudence on the part of institutional or medical staff, as I received no basic
questioning, examination or check of vitals despite ongoing complaints and observation of
visual distress. Staff violated my federally protected rights to be free from infliction
of cruel and unusual punishment and demonstrated deliberate indifference based on a
belief that inmates are not entitled to treatment "on demand" -- despite Inmate having no
history of claiming to have medical emergencies.

   Tort Form filed with appropriate agencies.

RECEIVED

DEC 0 6 2019

*Exhibit D-4*

*Graytz Morrison  9/29/*

**MORRISON, Graytz**
Reg. No. 06083-082
Appeal No. 988883-R1
Page One

---

### Part B - Response

You appeal the response of the Warden of LSCI Allenwood and
contend you did not receive appropriate medical treatment for
Appendicitis.  You claim Medical Staff ignored your medical
condition and accused you of feigning illness.  You request a
review of this matter.

A review of your appeal reveals the Warden adequately addressed
your concerns in his response.  According to your Bureau
Electronic Medical Record, on July 28, 2019, you reported to
pill line complaining of abdominal pain.  You did not present
symptoms that were considered emergent.  You were advised to
report to morning sick call or report to the unit officer if
your pain worsened.  You did not report any symptoms to the unit
officer and you were evaluated on July 29, 2019, at sick call.
Your evaluation was consistent with possibly Appendicitis and
you were transported to the local emergency room.  Surgery was
performed and you returned to the institution later that day.
On August 21, 2019, you were evaluated by the General Surgeon
during a follow-up appointment.  The surgeon noted you were
healing well with no pain and no further treatment was
recommended.  Based on your medical assessments, you were
treated appropriately and there is no evidence to support your
claim of denied care by Medical Staff.  Accordingly, your appeal
is denied.

If you are dissatisfied with this response, you may appeal to
the General Counsel, Federal Bureau of Prisons.  Your appeal
must be received in the Administrative Remedy Section, Office of
General Counsel, Federal Bureau of Prisons, 320 First Street,
N.W., Washington, D.C. 20534, within 30 calendar days of the
date of this response.

Date:   November 29, 2019          J. RAY ORMOND
                                   Regional Director

RECEIVED

DEC 0 6 2019

Exhibit D-4

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: MORRISON, GRAYTZ (Inmate Morrison)   #06G83-082   Brady A 17   LSCI Allenwood
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** Inmate Morrison appeals Regional Director 's denial of Regional Admin. Remedy Appeal; adopting previous arguments and further contending egregious misrepresentations of facts in Regional Response; namely: A)"[Inmate] did not present symptoms that were considered emergent" However, medical staff failed to provide even basic triage evaluation based on the symptoms presented; thus determination of "non emergent" is a farce and further demonstrates neglect in adequately assessing his (actually emergent) condition.   B) "You did not report any symptoms to the unit officer."   This is blatantly untrue as Inmate reported symptoms to unit staff both prior to and after his visit to sick call; and as such inmate again requests staff interviews/affidavits per CFR 542.11 to reveal his efforts [If no record exists of attempts to contact Health Services it is solely due to negligence of unit & medical staff to log request] C) "No evidence to support your claim of denial of care by medical staff" Contrary to this claim, Inmate contends there is actually no evidence that even basic medical care per inmate rights/Law were provided!

On Saturday 7/27/19 around 7:30PM, Inmate Morrison began experiencing severe and persistent pains in his lower abdominal/stomach region. Pain was incessant throughout the evening and Inmate subsequently reported pain to overnight Unit Officer (Anderson) after attempts at relief were unsuccessful. Upon reporting this to Anderson around 12AM, Inmate was told by Officer to return to his cube for count as no medical staff were available to attend to his needs (as required by policy) - See Attached.

12/16/2019
    DATE

Graytz Morrison
    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

DEC 23 2019

Administrative Remedy Section
Federal Bureau of Prisons

_____      GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 988883-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____    _____    _____    _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Exhibit D-5

_____      _____
DATE      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN      PRINTED ON RECYCLED PAPER      BP-231(13)
APRIL 1982

Central Office Administrative Remedy Appeal

Morrison, Graytz / 06083-082
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

"EACH INSTITUTION WILL [HAVE] EMERGENCY ON-CALL PROCEDURES FOR HOURS THAT HEALTH CARE
PROVIDERS ARE NOT ON-SITE." (P.S. 6013.01)

No effort was made to implement institutional policy for after-hours emergencies despite
symptoms so obvious that even a layperson could determine treatment was needed. Following
refusal of initial treatment or referral to a medical personnel, Inmate proceeded to the
unit shower area where he sat in a chair, doubled-over in pain (and subsequently observed
by Officer Anderson in this physical state during the officer's routine rounds). Clearly,
Inmate continued to be denied access to healthcare services per local procedures, disregarding
potential risk to inmate health and safety.

Over ten (10) hours lapsed until Inmate Morrision, with great difficulty and still in
constant and excruciating pain, proceeded to Health Services Dept. 6AM pill line on
Sunday 7/28/19. Inmate collapsed in the lobby area and in front of nurses' station (staffed
by a Nurse Hoffard) due to intense, sharp and stabbing pains in his lower abdominal area.

Nurse Hoffard immediately began screaming at Inmate Morrison, demanding he get off of the
floor or no medical care would be provided. Nurse Hoffard proceeded to call the unit officer
(Anderson) who confirmed his knowledge of the situation; yet Nurse Hoffard denied Morrison
any medical evaluation, care or observation (or opportunity to fully explain symptoms).
Inmate Morrison was forced to return to the housing unit without any treatment and was
instead told to return on the following day (Monday 7/29/19) for AM Sick Call. (Witness
Affidavits pertaining to circumstances at medical are available).

"INMATES HAVE THE RIGHT TO (#3) ADDRESS CONCERNS REGARDING YOUR HEALTH CARE TO ANY MEMBER
OF INSTITUTION STAFF..." AND (#9) RIGHT TO REPORT COMPLAINTS OF PAIN TO YOUR HEALTH CARE
PROVIDER, HAVE YOUR PAIN ADDRESSED, MANAGED IN A TIMELY MANNER..."

Clearly Inmate Morrison's Rights were violated or at best ignored by at least two staff,
including trained medical personnel who should be aware of symptoms of appendicitis.

Upon his return to housing unit, Inmate informed Officer Miller, now the daytime officer,
of his condition. Officer Miller phoned medical per Inmate request (Inmate informed 2+ hours
after his request that Nurse Hoffard had again refused treatment).

Inmate Morrison suffered bed-ridden and in excruciating pain--unable to perform basic
functions of ambulation, eating, showering, defacating/urinating or sleeping due to the
severity of his pain (which can be verified by Inmate's cubicle-mates) and became fearful
for his life the entire day of Sunday 7/28/19 and overnight into Monday 7/29/19.

Almost thirty (30) hours passed prior to Inmate's return to AM sick call Monday 7/29/19
in which PA Stoltz checked Inmates vitals and symptoms and determined a potential emergency
with Inmate's Appendix. Inmate immediately transferred to outside emergency room, diagnosed
with Appendicitis and had emergency appendectomy performed due to the life-threatening
nature of his condition [verifiable via health services records].

It is clear that the nearly thirty (30) hour delay in examination or treatment was not
part of prudence on the part of institutional or medical staff, as I received no basic
questioning, examination or check of vitals despite ongoing complaints and observation of
visual distress. Staff violated my federally protected rights to be free from infliction
of cruel and unusual punishment and demonstrated deliberate indifference based on a
belief that inmates are not entitled to treatment "on demand" -- despite Inmate having no
history of claiming to have medical emergencies.                    Exhibit D-5

Tort Form filed with appropriate agencies.            Graytz Morrison   12/16/2019

**Administrative Remedy No. 988883-A1**
**Part B — Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you allege a delay of medical care for abdominal pain you began experiencing on July 28, 2019.  You request no specific relief.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal.  Our succeeding review of your medical record confirms you arrived at the Health Services Unit (HSU) when you were not authorized.  Despite being there, your symptoms did not present as emergent and you were instructed towards sick-call procedures.  In addition, you were instructed to advise the unit officer if your symptoms worsened.  There is no indication your symptoms worsened, when in fact, you conveyed to your Primary Care Provider (PCP) the next day during sick-call that your symptoms had gotten better.  Nonetheless, you were referred to the local Emergency Department (ED) for further evaluation and treatment.  Following ED evaluation, it was noted your appendix was inflamed.  A Surgical decision was then made to excise.  You returned to the institution later the same day.  Care provided to you was appropriate and timely.  Based on this information, there is no evidence to substantiate your claim of being denied appropriate and timely medical care.

The record reflects you have received medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons.  You are encouraged to comply with proposed medical treatment so Health Services can continue to provide essential care and to contact medical personnel through routine sick call procedures should your condition change.

Considering the foregoing, this response is provided for informational purposes only.


2\3\20
Date

Ian Connors, Administrator
National Inmate Appeals

Exhibit D-5

# Bureau of Prisons
## Health Services
## Clinical Encounter - Administrative Note

| | | | | | | |
|---|---|---|---|---|---|---|
| Inmate Name: | MORRISON, GRAYTZ | | | | Reg #: | 06083-082 |
| Date of Birth: | 03/06/1985 | Sex: | M | Race: BLACK | Facility: | ALF |
| Note Date: | 07/28/2019 07:23 | Provider: | Hofford, Larren RN | | Unit: | B02 |

Admin Note - General Administrative Note encounter performed at Health Services.
**Administrative Notes:**

**ADMINISTRATIVE NOTE  1**　　　**Provider:** Hofford, Larren RN

Inmate Morrison #06083-082, came to Health Service during the morning insulin line unannounced. He stood outside the Urgent Care room and slowly lowered himself down on the floor. This nurse told inmate to get up off the floor. Inmate stated he had pain and couldn't get up. This nurse told inmate that I would not able to assess him properly while he was on the floor. Inmate got up with difficultly, no facial grimaces to indicate pain and sat on the liter.

After insulin line was completed I asked inmate Morrison if his C.O knew he came to Health Services. Inmate Morrison stated his C.O. told him to come. I called the Brady Unit Officer and questioned if this was true. The Officer told this nurse he was aware of the inmate having some issues but did not tell him he could go to Health Services at that time. Upon hearing this, I told inmate Morrison that his C.O. was not aware he was here. He was out of bounds and I would not see him at this time. I told him to come to sick call in the morning. Told him if he got worse to have his CO call medical, otherwise sick call and Monday. Inmate Morrison ambulated back to his unit without difficulty.

**Copay Required:** No　　　**Cosign Required:** No

**Telephone/Verbal Order:**  No

Completed by Hofford, Larren RN on 08/31/2019 10:09

Exhibit E

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
Washington, D.C.

**A F F I D A V I T**

I, Graytz Morrison #06083-082, make this statement freely without any promises or assurances:

I understand this is an official investigation and I am replying to the questions in this investigation fully and truthfully to each question.   I understand that the subject matter of this interview and any information exchanged with the investigator is confidential and may not be discussed with others. I am not under the influence of any prescribed or non-prescribed medication, illicit drug, or alcohol that would affect my ability to answer questions completely and truthfully during this interview.
**Initials**  _G. M_

I am Graytz Morrison #06083-082, on Saturday, July 27, 2019, around 19:30, I began experiencing severe, persistent pain in his lower abdominal/stomach region.   The pain increased throughout evening.   Subsequently, around midnight on July 28, 2019, I reported the pain to Correctional Officer Anderson after I attempted relief from medication available to me through commissary and following defecation and vomiting.   I was told by Anderson, medical staff were not available at that time and I was to return to my assigned cubicle for the official count.
**Initials**  _G. M_

I was not made aware of any efforts made by staff to address treatment for my symptoms. Lieutenant Carrillo did not speak to me in the housing unit regarding my pain, I do not know who Lieutenant Carrillo is.   Once I was refused initial treatment by Anderson or referral to medical personnel, I proceeded to the unit shower area where he sat in a chair, doubled-over in pain. Anderson observed me in this physical state during his rounds.   **Initials**  _G. M_

On Sunday, July 28, 2019, sometime after 06:00, with great difficulty from the pain, I proceeded to the Health Services Department.   I collapsed in the lobby area in front of nurses' station from the abdominal pain.   Registered Nurse Hofford was present and began screaming at me, demanding I get off of the floor or she would not provide medical care.   I was helped off the floor and onto the a liter by inmates Gutierrez-Tapia, Juan #14553-104.   Hofford proceeded to call my unit officer Anderson.   I could not hear what Anderson was saying but I believe he confirmed his knowledge of the situation and why I was in Health Services.   While on the phone I could hear Hofford repeatedly asking Officer Anderson if he specifically had sent me to Health Services or not. Following the phone call Hofford did not provide me an opportunity to explain my symptoms and denied me any medical evaluation or care.   Hofford stated I was not to come to Health Services without permission and that I was out of bounds.   Hofford instructed me to return to my housing unit.   Hofford did not instruct me to notify the unit officer if the pain increased, she only mentioned emergency sick call in the morning.   **Initials**  _G. M_

Date: <u>October 14, 2019</u>     *Sensitive But Unclassified*

                    Initials_____        Page 1 of 2



Continued: Inmate Graytz Morrison #06083-082

Once I returned to my unit, Correctional Officer Miller was on duty.   I informed Miller of my pain and symptoms.   Miller proceeded to call Health Services.   Over two hours later I was informed Hofford had once again denied treatment.   For the remainder of July 28, 2019, and into July 29, 2019, I was bed ridden and in excruciating pain.   I was unable to perform basic functions such as showering; eating; using the restroom or sleeping due to my condition.   **Initials** _K. M_

On Monday, July 29, 2019, I reported to the morning sick call and was assessed by Physician Assistant Stoltz.   As a result of the exam I sent to a local hospital where a CT scan identified acute appendicitis.   This resulted in laparoscopic appendectomy surgery on July 29, 2019. **Initials** _K. M_

**END OF STATEMENT Signature:** _Graytz Morrison_

Date: October 14, 2019     *Sensitive But Unclassified*

Initials_____          Page 2 of 2

Exhibit F

# Oath

I declare under the pain and penalty of perjury that the foregoing statement consisting of (2) pages is true and accurate to the best of my knowledge and belief.

Graytz Morrison #06083-082
FCC Allenwood, PA

Subscribed and sworn to before me this 14th day of, October 2019.

Authorized by 5 USC 303
to Administer Oaths

J. Lyons, Special Investigative Agent
Federal Bureau of Prisons
FCC Allenwood, PA

Exhibit F


03/11/2020

**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Northeast Regional Office*
*U.S. Custom House*
*2nd & Chestnut St., 7th Floor*
*Philadelphia, PA  19106*

March 4, 2020

Graytz Morrison, Reg. No. 06083-082
LSCI Allenwood
P O Box 1000
White Deer, PA  17887

FOIA Request Number: 2020-01559

Dear Mr. Morrison:

This is in response to the above referenced Freedom of Information Act (FOIA) request.
Specifically, you requested a copy of all responsive records related to Administrative
Remedy No. 988883-F1.

In response to your request, staff located 39 pages of responsive records, which were
forwarded to this office for a release determination.  After careful review, we determined 33
pages are appropriate for release in full and 6 pages are appropriate for release in part.
Copies of releasable records are attached.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, records were redacted under
the following exemptions:

(b)(6), Permits withholding of records and information about individuals when disclosure
would be a clearly unwarranted invasion of personal privacy.
(b)(7)(C), Permits withholding of records when an unwarranted invasion of personal
privacy could reasonably be expected.

If you have questions about this response, please feel free to contact the undersigned, this
office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble
at 202-616-7750 or 320 First Street NW, Suite 936, Washington DC 20534.

Additionally, you may contact the Office of Government Information Services (OGIS) at the
National Archives and Records Administration to inquire about the FOIA mediation
services they offer. The contact information for OGIS is as follows: Office of Government
Information Services, National Archives and Records Administration, Room 2510, 8601
Adelphi Road, College Park, Maryland 20740-6001; telephone at 202-741-5770; toll free at
1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal
by writing to the Director, Office of Information Policy (OIP), United States Department of

*Exhibit G*

TRULINCS  06083082 - MORRISON, GRAYTZ - Unit: ALF-B-A

--------------------------------------------------------------------------------------------------

FROM: LSCI Psychology Services
TO: 06083082
SUBJECT: RE:***Inmate to Staff Message***
DATE: 12/20/2019 08:37:02 AM

I will schedule you for an appointment in the near future.

Dr. Schmidt

>>> ~^!"MORRISON, ~^!GRAYTZ" <06083082@inmatemessage.com> 12/19/2019 5:34 PM >>>
To: Psychologist
Inmate Work Assignment: Education evening

Dr. Schmidt i have some concerns and i'd like to speak with you again. Please and thank you
-----LSCI Psychology Services on 11/12/2019 11:22 AM wrote:

>
You will be placed on callout to discuss your mental health concerns.

Dr. Schmidt

>>> ~^!"MORRISON, ~^!GRAYTZ" <06083082@inmatemessage.com> 11/11/2019 12:10 AM >>>
To: Psychologist
Inmate Work Assignment: Education evening

I am experiencing nervousness whenever i go to medical and i think its because of the situation that i had with nurse Hoffard
when i was neglected medical care. I am notifying you because i feel scared whenever I'm over at medical. I would please like
to speak with psychology about the issues I've been having, because i feel like i need to get them off of my chest. Please and
thanks for listening

Exhibit H

TRULINCS 06083082 - MORRISON, GRAYTZ - Unit: ALF-B-A

---------------------------------------------------------------------------------------------------

FROM: LSCI Psychology Services
TO: 06083082
SUBJECT: RE:***Inmate to Staff Message***
DATE: 04/24/2020 08:52:02 AM

We can discuss this the next time I'm in your housing unit.

Dr. Schmidt

>>> ~^!"MORRISON, ~^!GRAYTZ" <06083082@inmatemessage.com> 4/24/2020 9:24 AM >>>
To: Dr. Schmidt
Inmate Work Assignment: PM Education

I try not to think about my appendix incident, but the other day when i had seen Officer Miller he worked in Brady A for a brief fill in, I became nervous. Just to remind you, Officer Anderson was the over night duty who i first shared the the stomach pain complaint with, and Officer Miller was the second Officer or Andersons relief that i complained to after i came back from being denied medical attention about my stomach pains on July 28-29 2019. I don't understand why this keeps happening, i get nervous every time i come in to close quarters with them. Please inform me on what you believe is happening. Please and thank you.

Exhibit H

## SWORN AFFIDAVIT

I, James Earl Mcghee, Fed. ID#03184-015, state that Inmate Morrison (Fed ID #06083-082) is my cube-mate in cubicle #17 and that I observed Morrison in great pain the entire morning of Sunday 7/28/2019. His behavior was highly unusual as he laid on the floor writhing in pain and struggling to ambulate to the officer's station to tell Officer Anderson of his condition. I can attest further that Inmate Morrison continued to have great pain throughout Sunday and into Monday and was very upset that staff were not taking his complaints of pain seriously and were denying basic medical care.

I, James Earl Mcghee do certify that the above Affidavit is true and correct to the best of my knowledge and belief under the penalty of perjury.

James Earl Mcghee
Fed. Reg. #03184-015
LSCI Allenwood
PO BOX 1000
White Deer PA 17887

### SWORN AFFIDAVIT

I, Brandon Thompson, Fed. ID #08162-068, state that Inmate Morrison

(Fed ID #06083-082) is my cube-mate in cubicle #17 and that on or about Saturday

7/27/2019 in the evening Morrison mentioned to me that he had been experiencing

pain in his lower abdomen. On Sunday 7/28/2019 around 6AM I observed Morrison

in what appeared to be severe pain, and struggling to walk to medical in his

condition. When he came back from medical he laid down in obvious pain and

mentioned that the nurse would not see him and he was very upset about it

and unsure about what to do. About an hour to hour and a half later I returned

to the cube to tell Morrison that Officer Miller was calling him to the office.

Morrison held his lower abdomen in pain and slowly walked to the office. Upon

his return, Morrison stated that Officer Miller had called Nurse Hoffard per

Morrison's request and that Nurse Hoffard again refused to see Inmate Morrison

and that he would have to wait to report to sick call on Monday morning. I

can further attest to Inmate Morrison's pain and desperation in finding something

to reduce his pain as he verbalized that staff were seemingly unwilling to

help him.

Brandon Thompson
Fed. Reg. No. #08162-068
LSCI Allenwood
PO BOX 1000
White Deer PA 17887

<u>AFFIDAVIT JURAMENTADO</u>

Yo, Juan Gutierrez-Tapia (Numero de preso 14553-104) por la presente,
y bajo juramento declaro:

El dia 28 de julio del 2019 ocerca de esta fecha y durante el movimiento
hacia la linea de medicamentos, entre 6:30 AM and 7:00 AM, pude observar al
confinado Graytz Morrison (Numero de preso 06083-082) acercarse a la estacion
de enfermeras en donde la enfermera Ms. Hoffard, me servia mis medicamentos.
El confinado Morrison su betamente se callo al suelo, gritando de dolor. La
enfermera Ms. Hoffard no lo quiso ayudar pero le grito a Morrison, asi que
fui y le ayude a Morrison a que se pacara del peso porque estaba obviamente
con gran dolor.

Yo, Juan Gutierrez-Tapia certifio que esta declaracion es
verdadera y correcta segun mi mejor entendemiento y creencia
bajo penalidad de perjurio.

Juan Gutierrez-Tapia
Fed. Reg. #14553-104
LSCI Allenwood
PO BOX 1000
White Deer, PA 17887

## SWORN AFFIDAVIT

I, James Smith (Fed. ID #67269-066), state that on or about July 28, 2019, during morning pill line between 6:30 and 7:00 AM, I saw Inmate Graytz Morrison (Fed. ID #06083-082) walk into the medical waiting area, and collapse in pain onto the waiting area benches. After several minutes, I saw Graytz Morrison walk to the back of Medical where the Nurse, Ms. Hoffard, was doing pill line. Inmate Morrison collapsed once again, but this time down to the floor. It was at this time when I observed Inmate Juan Gutierrez Tapia (Fed. ID #14553-104) who was also in the back of Medical area.

I, James Smith do certify that the above Affidavit is true and correct to the best of my knowledge and belief under the penalty of perjury.

*James Smith*

James Smith
Fed. Reg. #67269-066
LSCI Allenwood
PO BOX 1000
White Deer, PA 17887

Butler, P. / 58278-060
Allenwood Low Security
Correctional Inst.
PO Box 1000
White Deer, PA 17887

7019 2280 0000 7074 0665

RECEIVED
HARRISBURG, PA

SEP 0 1 2020

PER _____ DEPUTY CLERK

**Low** Security Correction
    Allenwood, PA ,
    Date_____ AUG 2 8

The enclosed letter was processed through
special mailing procedures for forwarding
you. The letter has neither been opened
inspected. If the writer raises a questi
problem over which this facility
jurisdiction, you may wish to retu
material for further information or
If the writer encloses correspondence
forwarding to another address, pl

(58278-060)
Us District Court
Attn: Clerk of Court
228 Walnut
Middle District of PA
Harrisburg, PA 17108-3498
United States

LEGAL MAIL