GMK:TSJ:may

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GRAYTZ MORRISON,** : | No. 1:20-CV-01571 |
| Plaintiff : | |
| : | |
| v. : | (Judge Kane) |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| Defendants : | Filed Electronically |

RESPONSE OF THE UNITED STATES TO THE COURT ORDER
OF JULY 24, 2024 (DOC. 78)

The United States of America (United States), files this response to the Court Order of July 24, 2024 (Doc. 78), and submits that the Court should not vacate the dismissal of the United States as held in its previous Memorandum and Order of September 15, 2021 (Docs. 44, 45).

## I.   PROCEDURAL HISTORY

On September 1, 2020, Plaintiff, Graytz Morrison (Morrison) filed a complaint pursuant to *Bivens*[1] and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. (Doc. 1, Comp.)  The United States filed a Motion to Dismiss and/or for Summary Judgment on July 19, 2021.  (Doc. 37.)  On August 2, 2021, the United States filed their Statement of Material Facts (SMF) and Brief in Support of the Motion to Dismiss and/or for Summary Judgment.  (Docs. 42, 43 (SMF, Brief).)

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).

The Court issued its Memorandum and Order on September 15, 2021, granting both arguments presented and dismissing the United States as a defendant. (Docs. 44, 45 (MOL, Order).) Specifically, the Order stated that the action was to proceed only as to "Plaintiff's Eighth Amendment claims" against the remaining individual defendants. (Doc. 45.)

After completion of discovery and mediation by the remaining defendant and *pro se* Plaintiff, the Court issued an Order for a status conference with the remaining parties and counsel for the United States. (Doc. 78 (Order).) The instant Order directs the United States to respond with cause as to why the previous Memorandum and Order of September 15, 2021 (Docs. 44, 45), should not be vacated based on the decision by the Third Circuit in *Wilson v. United States,* 79 F. 4th 312, 316 (3d Cir. 2023).

The United States submits this response to the Court Order of July 24, 2024.

## II.   ARGUMENT

Initially, the Court previously granted the United States' dispositive motion on both arguments raised. First, the Court agreed that the Morrison's complaint was not filed within the six month statute of limitations which expired after the administrative claim was denied pursuant to 28 U.S.C. § 2401(b). (Doc. 44 at 8-10.) Second, the Court granted the motion on the additional and alternative basis

that Morrison did not file an adequate certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (*Id.* at 10-14.)

After the Court's decision to grant the dispositive motion of the United States, the Third Circuit issued the intervening decision in *Wilson v. United States,* 79 F. 4th 312, 316 (3d Cir. 2023). The Court of Appeals held that the certificate of merit requirement for a professional negligence claim was not incorporated into the FTCA and did not apply in cases brought pursuant to that Act. *Id.* The United States concedes that *Wilson* is binding precedent that would otherwise require the Court to vacate its prior Order (Doc. 45) if that was the only basis for dismissal. It was not. It was the second and alternative basis. (Doc. 44 at 10-14.)

The Court had already decided that the motion should be granted because Morrison's complaint was filed beyond the statute of limitations of 28 U.S.C. § 2401(b). (Doc. 44 at 8-10.) As argued by the United States, the FTCA provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). In turn, "[t]he remedy against the United States . . . for injury or loss of property or personal injury or death arising or resulting from the negligent of wrongful act or omission of any employee of the Government while acting in the scope of his office or employment

3

*is exclusive* of any other civil action or proceeding for money damages . . . ." 28 U.S.C. § 2679(b)(1) (emphasis added). In accordance with statutory language, the *only* proper defendant in a FTCA action is the United States. *Id.* § 2674.

"As a sovereign, the United States is immune from suit unless it consents to be sued." *Sconiers v. United States*, 896 F.3d 595, 597 (3d Cir. 2018) (quoting *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010)). The FTCA waives the United States' sovereign immunity by granting federal district courts jurisdiction over certain claims that are

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)) (alterations in original).

The FTCA has its own statute of limitations. The claimant "must file an administrative claim within two years of the tort; and second, the FTCA lawsuit must be initiated within six-months of the federal agency's denial of the administrative claim." *Doe v. United States*, 842 F. App'x 719, 721 (3d Cir. 2021) (citing 28 U.S.C. § 2401(b)); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). "[B]ecause the [FTCA] constitutes a waiver of sovereign immunity, [its] established

4

procedures [are] strictly construed." *Sconiers*, 896 F.3d at 598 (quoting *White-Squire*, 592 F.3d at 456). "Both conditions must be met for the FTCA action to be viable." *Doe v. United States*, 842 F. App'x 719, 72.

In this case, Morrison met the first requirement, and at the earliest, his claim accrued on July 27, 2019. (Doc. 1 at 6.) The BOP received Morrison's claim on August 30, 2019. (Doc. 43-1, Ex. 1, Inman Decl. Attach. B, Claim for Damage, Injury, or Death (SF 95) at 2.) On February 28, 2020, the BOP mailed, by certified and return receipt mail, its denial of Morrison's claim. (*Id.*, Attach, C, Tort Denial Letter.)

In regard to the second condition of the FTCA, Morrison failed to file his federal complaint within the six-month time frame after denial of the claim. (Doc. 1 at 1.) Morrison's complaint was provided to BOP staff for mailing on August 28, 2020, by inmate Butler. (Doc. 1 at 44.) In the denial letter of February 28, 2020, Morrison was informed that "he had six months from the February 28, 2020, denial to file suit in federal district court." (Doc. 43-1, Ex. 1, Inman Decl., Attach. C.)

Five months after receiving the denial letter, on July 28, 2020, Morrison's federal sentence had been completed and the BOP released him from custody. (*Id.*, Ex. 1, Inman Decl. ¶ 3. Attach. A.) On August 28, 2020, exactly six months after the BOP denied Morrison's FTCA claims, another inmate, P. Butler submitted Morrison's complaint to prison staff for mailing to the Court. (Doc. 1 at 2, 44.) In

the complaint, Butler indicates that Morrison is "relying on the prison mailbox rule-filed upon delivery to prison officials," and the letter notified the Court that Morrison has a new address due to his release.  (*Id.* at 2.)

The complaint filed by inmate Butler on Morrison's behalf was received by the Court and docketed on September 1, 2020, four days after the August 28, 2020, filing deadline.  (Doc. 1 at 1.)  Morrison relies on the "prisoner mailbox rule" to establish timely filing.  (*Id.*)  The Third Circuit expansively recognizes the prisoner mailbox rule, *see, e.g., Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 601 n.2 (3d Cir. 2015), which "provides that a document is deemed filed on the date it is given to prison officials for mailing," *Pabon v. S.C.I. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).  The Supreme Court established the prisoner mailbox rule in *Houston v. Lack*, 487 U.S. 266, 270 (1988), deeming a prisoner's notice of appeal timely filed when the prisoner delivered the appeal to prison authorities for mailing.  The *Houston* Court reasoned that prisoners were in a unique situation, "and their lack of freedom bars them from delivering the notice to the court clerk personally."  *Id.* at 274.

Necessarily, however, only a **prisoner** can avail themselves of the rule.  *See Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) ("[B]ecause Terrell is a prisoner [he] thus receives the benefit of the 'prison[er] mailbox rule'"); *see also Locke v. Dillman*, 915 F. Supp. 2d 670, 675 n.1 (E.D. Pa. 2013) ("Under the prisoner

mailbox rule, a *pro se* prisoner's habeas petition is deemed filed at the moment *he* delivers it to prison officials for mailing to the district court." (emphasis added)).[2] In contrast, courts have recognized that once an inmate is released, the prison mailbox rule no longer applies. See *United States v. Reed*, No. 17-369, 2020 WL 1625626 at * 4 (E.D. Pa. April 2, 2020) ("Because [the former inmate] was not incarcerated at the time he mailed his Motion, the prison mailbox rule does not apply. . . ."). The United States District Court for the District of New Jersey observed and held as follows in similar circumstances presented in this case:

> The rationale for the rule is that "pro se prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Houston v. Lack*, 487 U.S. 266, 273–274, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In this case, however, Dwyer was no longer incarcerated when he mailed his petition and, thus, he was not restricted by the same lack of control as pro se prisoners. Indeed, he had been out of prison for five months when he mailed his petition. Consequently, Petitioner is not entitled to the application of the prison mailbox rule. See *Gross v. U.S. Dep't of Justice*, Civ. 11–2023, 2012 WL 3020089, at *2 n. 2 (N.D.Tex. May 31, 2012) ("Because Plaintiff ... was no longer in custody when he mailed his complaint ..., the prison mailbox rule does not apply to him"). Dwyer's petition was correctly deemed filed on December 2, 2013, the date it was received by the Clerk's Office.

---

[2] The Federal Rules of Appellate Procedure have been updated to explicitly delineate their version of the prisoner mailbox rule. Fed. R. App. P. 4(c)(1) (stating a notice of appeal "is timely if it is deposited in [an] institution's internal mail system on or before the last day for filing"). Again, critically, *the inmate* must use the institutional mail system to avail himself of the rule. *Id.* ("If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1).").

*Dwyer v. United States*, No. 13-7218, 2014 WL 2587499 at * (D. N.J. June 9, 2014).

The Ninth Circuit in *Hernandez v. Spearman*, extended the rule to prisoners who entrust a complaint to another prisoner. 764 F.3d 1071, 1074-75 (9th Cir. 2014). It did not hold that the rule applies to former prisoners who entrusted filings to prisoners. The distinction is significant. In *Hernandez*, the court observed the rule does not apply to prisoners who mail filings to unconfined third parties who are not confined. *Id.* The court of appeals recognized that the "unique situation" underpinning the rule is not present where an unconfined third party is not relying on prison authorities to mail the filing by the deadline. *Id.* at 1075 (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).

The Ninth Circuit noted the reason that the rule should not apply when a prisoner mails a filing to an unconfined third party as follows: "applying the prison mailbox rule to petitions mailed from prison to third parties 'would allow prisoners to mail habeas petitions to third parties for substantive revisions while claiming their earlier mailing date as the filing date,' thus 'circumvent[ing] statutes of limitations.' 295 F.3d at 521." Similarly, permitting *pro se* former prisoners who are no longer confined to have a non-party, confined prisoner to avail themselves of the prison mailbox rule would permit *pro se* non-prisoners to evade statutory deadlines where no such exception has been extended by the Supreme Court or carved out by Congress.

In the instant case, Morrison was not a prisoner when he had Butler deliver his complaint to prison authorities. (Doc. 1 at 2.) In fact, Morrison had been free from BOP custody for a month at the time the complaint was filed. (Doc. 43-1, Ex. 1, Inman Decl. at 3, Attach. A.) Butler even provided a residential address for Morrison in Vermont. (Doc. 1 at 2.) Given that Morrison was released a month before the due date, he had sufficient time to place his document in the mail to ensure a timely filing or to be approved to file documents via Electronic Case Filing (ECF). Therefore, the FTCA claims against the United States were not filed within the six-month statutory deadline. Thus, the September 15, 2021, Memorandum and Order (Docs. 44, 45) should not be vacated.[3]

---

[3] If the Court determines that the portion of the decision concerning the certificate of merit should be vacated but that the remainder left undisturbed, then the Court could issue a clarifying order vacating in part.

9

### III.    CONCLUSION

Based on the above and the prior briefing by the United States (Docs. 37, 42, 43), the Court should not vacate it prior Memorandum and Order of September 15, 2021 (Docs. 44, 45).

Respectfully submitted,

GERARD M. KARAM
United States Attorney

*/s/ Timothy S. Judge*
Timothy S. Judge
Assistant U.S. Attorney
PA 203821
Maureen A. Yeager
Paralegal Specialist
U.S. Attorney's Office for the
Middle District of Pennsylvania
P.O. Box 309
Scranton, PA 18501
PH: 717-221-4482

Date:   July 25, 2024                    Timothy.Judge@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GRAYTZ MORRISON,** | : | No. 1:20-CV-01571 |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.   That on July 25, 2024, she served a copy of the attached

## RESPONSE OF THE UNITED STATES TO THE COURT ORDER OF JULY 24, 2024 (DOC. 78)

by electronic service pursuant to Local Rule 5.7 and Standing Order 04-6, ¶12.2 to the following individual(s):

David J. MacMain, Esq.
MacMain Leinhauser PC
433 W. Market St., Suite 200
West Chester, PA 19382
Dmacmain@macmainlaw.com

David Wilk, Esq. & Matthew Polaha, Esq
Lepley, Engelman & Yaw, LLC.
140 E. Third St.
Williamsport, PA 17701
Davew@lepleylaw.Com
Mpolaha@macmainlaw.Com

Served via First Class U.S. Mail:
Graytz Morrison
78 Traverse Place, Apt. 3
Rutland, VT 05701


/s/Maureen A. Yeager
Maureen A. Yeager
Paralegal Specialist